IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHERINE RAGUCKAS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GLENNON GRAHAM, JR., | : | No. 02-2729 |
| GLENNON GRAHAM, SR., and | : | |
| NANCY GRAHAM | : | |

**ORDER-MEMORANDUM**

AND NOW, this 12th day of June, 2002, the motion to remand this action[1] to the Philadelphia Court of Common Pleas is granted. The motion for costs and expenses is denied.

Admiralty jurisdiction is exclusive only as to proceedings *in rem*.[2] In addition, the "saving to suitors" clause[3] has been held to inhibit "removal of maritime actions brought in the state court and invoking a state law remedy, provided there is no independent basis for

---

[1] This case arises out of a boating accident in the Delaware River in which plaintiff's foot was injured. Cmplt. ¶ 9-13. On April 10, 2002, plaintiff commenced the action in the Philadelphia Court of Common Pleas. On May 7, 2002 defendants filed a notice of removal. On May 30, 2002, plaintiff moved to remand on the ground that the state court is competent to adjudicate this *in personam* action under the "saving to suitors clause" and that removal is improper.

[2] Madruga v. Superior Ct. of CA, 346 U.S. 556, 560 (1954); Sipe v. Amerada Hess Corp., 689 F.2d 396, 405 (3d Cir.1982)(relying on Madruga to find that New Jersey state court could properly assert concurrent jurisdiction over *in personam* claims arising in admiralty because of "saving to suitors" clause); Crowley American Transport, Inc. v. Bryan, 143 F.Supp.2d 530, 531 (D.V.I. 2001).

[3] 28 U.S.C. § 1333(1): "[D]istrict courts shall have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which there are otherwise entitled."

removal."[4] Inasmuch as there is no diversity of citizenship, or other basis for jurisdiction, removal is improper here.[5] To allow this action to be removed would be to deprive plaintiff of "the historical option of a maritime suitor pursuing a common-law remedy to select his forum, state or federal."[6] Accordingly, the motion to remand must be granted.

Plaintiff also moves for costs and expenses under 28 U.S.C. § 1447(c). However, defendants' motion for removal was not frivolous or insubstantial.[7] For this reason, the request for costs and expenses will be denied.

_____
Edmund V. Ludwig, J.

---

[4] See In re Chimenti 79 F.3d 534, 537 (6th Cir. 1996); Servis v. Hiller Sys., Inc., 54 F.3d 203, 206-07 (4th Cir. 1995); Linton v. Great Lakes Dredge & Dock Co., 964 F.2d 1480, 1488 (5th Cir. 1992); Thomas J. Shoenbaum, Admiralty and Maritime Law, § 4-5 at 163 (3d ed., 2001) (stating that saving clause cases properly filed in state court cannot be removed unless admiralty jurisdiction is exclusive).

[5] Defendants object on the ground that our court of appeals has not applied the Madruga rule. They also cite Calhoun v. Yamaha Motor Corp., 216 F.3d 338 (3d Cir. 2000) for the proposition that admiralty jurisdiction is proper. However, Calhoun is inapposite. The issue here is not whether there is admiralty jurisdiction, but whether removal to federal court is proper. Under Madruga and the saving clause, state and federal courts have concurrent jurisdiction. Madruga, 346 U.S. at 560.

[6] Romero v. International Terminal Operating Co., 358 U.S. 354, 371 (1959).

[7] See Shubert v. Roche Holding AG, 157 F.Supp.2d 542, 548 (E.D.Pa. 2001).